23-964-cv; 23-968-cv
Mone; Mone v. New York State Unified Court System

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-four.

PRESENT:  RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
                  *Circuit Judges*,
          LEWIS J. LIMAN,
                  *District Judge.*\*
------------------------------------------------------------------

CHRIS MONE,

  *Plaintiff-Appellant*,

  v.                                               No. 23-964-cv

NEW YORK STATE UNIFIED COURT SYSTEM,

  *Defendant-Appellee.*

---

\* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

-------------------------------------------------------------------

COLLEEN MONE,

      *Plaintiff-Appellant*,

           v.                       No. 23-968-cv

NEW YORK STATE UNIFIED COURT SYSTEM,

      *Defendant-Appellee.*

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT CHRIS MONE: | Chris Mone, *pro se*, Venice, FL |
| FOR APPELLANT COLLEEN MONE: | Colleen Mone, *pro se*, Venice, FL |
| FOR APPELLEE: | Andrea W. Trento, Assistant Solicitor General of Counsel, (Barbara D. Underwood, Solicitor General, Matthew W. Grieco, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY |

Appeal from judgments of the United States District Court for the Eastern District of New York (Diane Gujarati, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Plaintiffs-Appellants Chris and Colleen Mone appeal from judgments of the United States District Court for the Eastern District of New York (Gujarati, *J.*)

2

dismissing their Americans with Disabilities Act (ADA) claims against the New York State Unified Court System (the UCS). The two actions giving rise to these appeals are consolidated for disposition. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The Mones brought two substantively identical suits against the UCS, their former employer, alleging that their termination for noncompliance with the UCS's COVID-19 vaccination policy constitutes disability discrimination and retaliation in violation of Title I of the ADA, 42 U.S.C. § 12111, *et seq.* The District Court adopted the report and recommendation of the Magistrate Judge (Bloom, *M.J.*) dismissing the ADA claims on sovereign immunity grounds. *Mone v. N.Y. Unified Ct. Sys.*, Nos. 21-CV-6914, 21-CV-6915, 2023 WL 4424093, at *4–5 (E.D.N.Y. Mar. 22, 2023), *report and recommendation adopted*, 2023 WL 4073770 (E.D.N.Y. June 20, 2023).[1] We review the dismissal *de novo*. *See Leitner v.*

---

[1] The Magistrate Judge also determined *sua sponte* that the complaints failed to adequately allege a violation of the Rehabilitation Act. *Mone*, 2023 WL 4424093, at *8. On appeal, the Mones have abandoned any Rehabilitation Act claim, and we accordingly decline to review the dismissal of that claim. *See* Chris Mone Appellant's Br. 22 n.9 ("The District Court referred to Rehabilitation Act and the ADA equivalents, but it should be understood that Mone is suing under Title I ADA as the UCS is his employer."); Colleen Mone Appellant's Br. 22 n.9 (same).

*Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015).

In *Board of Trustees of University of Alabama v. Garrett*, the Supreme Court held that Title I of the ADA does not abrogate a State's sovereign immunity from suits for money damages. 531 U.S. 356, 360 (2001); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 288 (2d Cir. 2003). So a suit by state employees to "recover money damages by reason of [a state's] failure to comply with the provisions of Title I of the [ADA]" is "barred." *Garrett*, 531 U.S. at 360; *see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107–08 (2d Cir. 2001). State sovereign immunity from suit "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state," such as the UCS. *Gollomp v. Spitzer*, 568 F.3d 355, 366, 368 (2d Cir. 2009) (quotation marks omitted). Thus, the Mones may bring suit under Title I of the ADA only if the UCS has waived its sovereign immunity or if they seek "prospective injunctive relief from violations of federal law" against state officials acting in their official capacity. *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) (quotation marks omitted).

The UCS has not waived its sovereign immunity from suit. Merely appearing in court to defend against the Mones' lawsuits does not constitute a

waiver of sovereign immunity. *See id.*; *McGinty v. New York*, 251 F.3d 84, 94–95 (2d Cir. 2001). Nor does the UCS's compliance with the ADA constitute a waiver of sovereign immunity, as the UCS is still subject to suit by the federal government. *See Garrett*, 531 U.S. at 374 n.9. And because the Mones have neither named a state official as a defendant nor requested leave to amend to add a state official, equitable relief such as reinstatement or injunctive relief is unavailable. *See Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991). Accordingly, the District Court did not err in dismissing the Mones' lawsuits.

We have considered the Mones' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5